# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| John Doe I, John Doe II, John Doe III, Jane Doe I, John Doe IV, John Doe V, John Doe VI, and John Doe VII, | Court File No.:  08-306 (DWF/SRN) |
|       Plaintiffs, | |
| v. | |
| Mulcahy, Inc., Mulcahy Development, LLC, Mulcahy Family Limited Liability Limited Partnership, Mulcahy Family Limited Partnership, and Gary T. Mulcahy, Sr. in his official and personal capacities, | |
|       Defendants. | |

## STIPULATION OF SETTLEMENT

# TABLE OF CONTENTS

I.     INTRODUCTION ...............................................................................................3

II.    NATURE OF THE ACTION...............................................................................3

## GENERAL SETTLEMENT TERMS

III.   GENERAL DEFINITIONS ...............................................................................6

IV.    JURISDICTION .................................................................................................8

V.     AMENDMENT OF COMPLAINT ....................................................................8

VI.    CERTIFICATION OF CLASSES......................................................................9

VII.   DEFINITION OF CLASSES .............................................................................9

VIII.  SETTLEMENT ADMINISTRATION .............................................................10

IX.    NOTICE............................................................................................................12

X.     CLAIMS PROCEDURE...................................................................................13

XI.    CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT.................15

XII.   WAIVER, RELEASE, AND DISMISSAL........................................................15

XIII.  STATEMENT OF NO ADMISSION................................................................17

## EQUITABLE TERMS

XIV.   EQUITABLE TERMS........................................................................................18

## MONETARY RELIEF TERMS

XV.    SETTLEMENT AMOUNT..................................................................................22

XVI.   PAYMENT OF SETTLEMENT AMOUNT.......................................................26

XVII.  SETTLEMENT FUND ALLOCATION.............................................................28

## ENFORCEMENT TERMS

XVIII.   MONITORING PROCEDURE ........................................................................33

XIX.    COMPLAINT PROCEDURE ..........................................................................34

XX.     ENFORCEMENT PROCEDURE.....................................................................34

## OTHER TERMS

XXI.    PRELIMINARY DISTRICT COURT APPROVAL ........................................35

XXII.   APPROVAL OF THE PROPOSED SETTLEMENT ......................................36

XXIII.  COURT APPROVAL ......................................................................................36

XXIV.   DISCLOSURE ................................................................................................36

XXV.    MISCELLANEOUS PROVISIONS ...............................................................37

## I. INTRODUCTION

1.1    This Stipulation of Proposed Settlement ("Proposed Settlement") sets forth the full and final terms by which the Named Plaintiffs, on behalf of themselves and members of the Classes defined herein, and Settling Defendants Mulcahy, Inc. and Gary T. Mulcahy, Sr., in his official and individual capacities, have settled and resolved all claims described herein.

## II. NATURE OF THE ACTION

2.1    This Proposed Settlement and Confession of Judgment agreed to on July 15, 2009, and reduced to writing on this 15th day of December 2009, by and between the Named Plaintiffs on behalf of themselves and the 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), Minn. Stat. §§ 363A.01, *et seq.* (Minnesota Human Rights Act ("MHRA")), and Minn. Stat. §§ 177.21, *et seq.* (Minnesota Fair Labor Standards Act ("MFLSA")) Opt-out Classes (collectively "Opt-out Classes")  and the 29 U.S.C. §§ 201, *et seq.* (federal Fair Labor Standards Act ("FLSA")) Opt-in Class described below (collectively with the Opt-out Classes  referred to herein as "Plaintiffs") and Defendant Mulcahy, Inc. and Defendant Gary T. Mulcahy, Sr., in his official and personal capacities (collectively "Settling Defendants").   The Named Plaintiffs and Settling Defendants are collectively referred to herein as the "Parties."

2.2    WHEREAS on February 4, 2008, Plaintiff Class Representatives John Doe I, John Doe II, John Doe III, Jane Doe I, John Doe IV, John Doe V, John Doe VI, John Doe VII brought a lawsuit under Title VII, Section 1981, the MHRA, and the MFLSA against Defendants Mulcahy, Inc., Mulcahy Development, LLC, Mulcahy Family

3

Limited Liability Limited Partnership, and Mulcahy Family Limited Partnership, and Gary T. Mulcahy, Sr., in his official and personal capacities, (collectively, "Defendants"), on behalf of themselves and all other Latino and/or immigrant construction employees who work or worked for Defendants in the drywall industry at any time between February 4, 2004 and July 15, 2009 who have been discriminated in their pay and working conditions on the basis of their race or national origin (the "Litigation"). Plaintiff Class Representatives John Doe I, John Doe II, John Doe III, John Doe IV, Jane Doe I, John Doe V, John Doe VI, and John Doe VII also brought FLSA claims in their individual capacities.

Pursuant to the Parties' settlement of this Litigation, as further specified in Paragraphs 5.1, 5.2, and 5.3, the Complaint is amended to include Plaintiff Class Representatives John Doe VIII, John Doe IX, John Doe X, John Doe XI, Jane Doe II, and John Doe XII, to include MFLSA record-keeping claims, to include class-wide claims under the FLSA, and to dismiss the Complaint without prejudice regarding Defendant Mulcahy Development, LLC, Defendant Mulcahy Family Limited Liability Limited Partnership, and Defendant Mulcahy Family Limited Partnership.

The Named Plaintiffs allege that Settling Defendants' illegal policies and practices took numerous forms, including discrimination based on race and national origin, retaliation, and unlawful pay practices (including but not limited to failure to pay minimum wage and overtime, and failure to keep required records).

2.3     WHEREAS on July 15, 2009, the Named Plaintiffs and Settling Defendants agreed to a Proposed Settlement and Confession of Judgment in the amount of $6,000,000, which will be subject to execution one hundred and twenty (120) calendar days from July 15, 2009 (November 12, 2009) and is subject to District Court approval.

2.4     WHEREAS for settlement purposes only, the Parties have stipulated to certification of the Classes defined herein and will request that the Court certify such Classes pursuant to this Proposed Settlement.

2.5     WHEREAS the Named Plaintiffs are pursuing class claims under Title VII, Section 1981, the MHRA, the MFLSA, and the FLSA.

2.6     WHEREAS Settling Defendants have claimed dire financial circumstances and an alleged imminent threat of bankruptcy.

2.7     WHEREAS Settling Defendants have produced to Class Counsel financial information and related documents.

2.8     WHEREAS the Named Plaintiffs and Class Counsel have adequately performed their due diligence by reviewing Settling Defendants' financial information and documents and consulting with Financial Experts and Bankruptcy Counsel.

2.9     WHEREAS the Parties recognize the uncertainties and risks with respect to the outcome of the Litigation.

2.10    WHEREAS the Parties believe that entering into this Proposed Settlement at this time is in the best interests of the Parties and desire to resolve all claims made in, arising out of, or relating to the Litigation.

2.11    NOW, THEREFORE, the Parties STIPULATE AND AGREE as follows:

## GENERAL SETTLEMENT TERMS

### III. GENERAL DEFINITIONS

In addition to the specific terms defined in the Proposed Settlement, the ensuing general terms are defined as follows:

3.1    "Amended Complaint" means the Amended Complaint for settlement purposes, attached herein as Exh. 1 and as amended pursuant to Paragraph 5.1, 5.2, and 5.3.

3.2    "Claims Administrator" means the persons designated by Class Counsel to administer the Settlement Fund pursuant to this Proposed Settlement and orders of the Court.  Unless the Court appoints differently, the Parties have agreed that the Claims Administrator shall be Settlement Services, Inc., Claims Administrator, Mulcahy Class-Action Litigation, P.O. Box 1858, Tallahassee, FL  32302-1858.

3.3    "Claim Form" means the Consent/Claim Form in English and Spanish that will be submitted by Claimants to the Claims Administrator, attached hereto as Exh. 2. Through the Claim Form, Claimants will be able to opt in to the FLSA Opt-in Class and submit their information regarding the Opt-out Class claims.

3.4    "Claimants" means applicants for awards from the Settlement Fund. Recipients of awards from the Settlement Fund that have properly and timely submitted their Claim Forms to the Claims Administrator shall together be referred to as "Authorized Claimants."

3.5    "Class Counsel" means the law firm of Miller O'Brien Cummins, PLLP.

3.6    "Complaint" means the Complaint filed on February 4, 2008 by Plaintiff Class Representatives John Doe I, John Doe II, John Doe III, John Doe IV, Jane Doe I, John Doe V, John Doe VI, and John Doe VII against Defendants Mulcahy, Inc., Mulcahy Development, LLC, Mulcahy Family Limited Liability Limited Partnership, Mulcahy Family Limited Partnership, and Gary T. Mulcahy, Sr., in his official and personal capacities.

3.7    "Defendants" means Defendant Mulcahy, Inc., Defendant Mulcahy Development, LLC, Defendant Mulcahy Family Limited Liability Limited Partnership, Defendant Mulcahy Family Limited Partnership, and Defendant Gary T. Mulcahy, Sr., in his official and personal capacities.

3.8    "District Court" or "Court" means the Court of District Court Judge Donovan W. Frank in the United States District Court, District of Minnesota, or the Magistrate Judge appointed by District Court Judge Donovan W. Frank.

3.9    "Litigation" means the above-captioned matter and all underlying proceedings and matters.

3.10   "Named Plaintiffs" means Plaintiff Class Representatives John Doe I, John Doe II, John Doe III, John Doe IV, Jane Doe I, John Doe V, John Doe VI, John Doe VII, John Doe VIII, John Doe IX, John Doe X, John Doe XI, Jane Doe I, and John Doe XII.

3.11   "Notice" means the Notice of Class Action, Proposed Settlement, and Final Fairness Hearing, which is to be directed to Plaintiffs substantially in the form attached hereto as Exh. 3 in English and Spanish pursuant to Section IX.

3.12   "Settling Defendants" means Mulcahy Inc. and Gary T. Mulcahy, Sr., in his official and personal capacities.

3.13   "Stipulation of Settlement" or "Settlement" or "Agreement" or "Settlement Agreement" or "Proposed Settlement" each means the settlement as reflected in this Stipulation of Proposed Settlement.

## IV.   JURISDICTION

4.1   The District Court has jurisdiction over the Parties and the subject matter of this Litigation.  The Litigation includes claims that would authorize the District Court to grant relief pursuant to the statutes cited therein.  If the Proposed Settlement is approved, the District Court shall retain jurisdiction of this Litigation solely for the purpose of interpreting, implementing, and enforcing the Proposed Settlement consistent with the terms of this Proposed Settlement.

## V.   AMENDMENT OF COMPLAINT

5.1   For settlement purposes only, the Parties agree to amend the Complaint in the Litigation to include Plaintiff Class Representatives John Doe VIII, John Doe IX, John Doe X, John Doe XI, Jane Doe II, and John Doe XII.  (Exh. 1).

5.2   For settlement purposes only, the Parties agree to amend the Complaint to assert the FLSA Opt-In Class claims, to assert the MFLSA record-keeping Class claims under Minnesota Statutes sections 177.30 and 177.32, and to add claims for punitive damages under the MFLSA.  (Exh. 1).

5.3   For settlement purposes only, the Parties agree to amend the Complaint to dismiss without prejudice Defendant Mulcahy Development, LLC, Defendant Mulcahy

Family Limited Liability Limited Partnership, and Defendant Mulcahy Family Limited Partnership. (Exh. 1).

## VI.   CERTIFICATION OF CLASSES

6.1    For settlement purposes only, the Parties stipulate that the members of the Opt-out Classes, as defined in Section VII of this Proposed Settlement, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and are entitled to Class Certification accordingly.

6.2    For settlement purposes only, the Parties stipulate that the members of the FLSA Opt-in Class, as defined in Section VII of this Proposed Settlement, are similarly situated and therefore entitled to conditional certification and notice pursuant to Chapter 29 of the United States Code, section 216(b).

6.3    For settlement purposes only, the Parties agree that the District Court's preliminary approval of this Proposed Settlement constitutes certification of the Classes.

## VII.   DEFINITION OF CLASSES

7.1    The Proposed Settlement covers all Latino and/or immigrant employees from Mexico, Central America, or South America who worked for Settling Defendants as construction workers at any time between February 4, 2004 and July 15, 2009, who have demonstrated that they experienced the violations of law asserted in this case, and who have not filed an Opt-out Form in this Litigation.  These Classes shall be referred to herein as the "**Opt-out Classes**."  These Classes may also be referred to in Exhibits as the "Discrimination and State Classes."

7.2     The Proposed Settlement covers all Latino and/or immigrant employees from Mexico, Central America, or South America who worked for Settling Defendants as construction workers at any time between February 4, 2004 and July 15, 2009, who have demonstrated that they experienced the violations of law asserted in this case, and who have filed Plaintiff Consent Forms in this Litigation or will file a Claim Form indicating the intent to opt in to the FLSA portion of this Litigation.  This Class shall be referred to herein as the "**FLSA Opt-in Class**."  This Class may also be referred to in Exhibits as the "FLSA Class."

7.3     The Opt-out Classes and the FLSA Opt-in Class shall be referred to herein and in Exhibits collectively as the "**Classes**."

## VIII.   SETTLEMENT ADMINISTRATION

8.1     Plaintiffs will retain a Claims Administrator, Settlement Services, Inc., for the purpose of administering Notice, payment, tax reporting, and other obligations of the Proposed Settlement.   A description of Settlement Services, Inc.'s experience and qualifications is attached hereto as Exh. 4.  The Claims Administrator shall be paid as explained in this Section VIII.

8.2     Settling Defendants will **pre-pay** directly to the Claims Administrator the costs concerning the Notice to Plaintiff Class in English and Spanish, enclosed hereto as Exh. 3.  The Notice to Plaintiffs is further explained in Section IX.

8.3     On or before January 11, 2010, Settling Defendants will place in escrow an additional $250,000 to be paid to Class Counsel to cover the costs incurred in this Litigation, including the claims-administration process.   Money extracted by Class

Counsel from the escrow account immediately when needed.  The $250,000 will be paid directly to Class Counsel within five (5) calendar days from final court approval.  Any amount pre-paid by Settling Defendants to the Claims Administrator, as specified by Paragraph 8.2, will be subtracted from the $250,000.  The $250,000 is not a ceiling on the costs that can be recovered by Class Counsel for reimbursement of litigation expenses, including the claims-administration process.  In the unlikely event that litigation costs, including claims-administration expenses, were to exceed $250,000, reimbursement will be drawn from the $6,000,000 or applicable incentive amount as set forth in Paragraph 15.4.  Class Counsel is solely responsible for informing the Claims Administrator when, where, and how a proof of claim must be filed, including, but not limited to, the court(s) and case name(s) under which such proof must be filed, the parties to be listed on each proof of claim, the relevant claim amount, and any applicable deadlines.  The Claims Administrator will provide Class Counsel with any proofs of claim prior to filing them for Class Counsel's approval.  Class Counsel agrees to indemnify and hold harmless the Claims Administrator from any claim relating to failure to file a proof of claim, erroneously filing proofs of claim, and/or errors or omissions in a proof of claim filed pursuant to this paragraph, provided that Class Counsel is given the opportunity to review any proof of claim prior to its filing and that the Claims Administrator actually files all proofs of claim pursuant to the instructions provided by Class Counsel.

8.4    The Claims Administrator will review completed Claim Forms, the list of Settling Defendants' employees at any time between February 4, 2004 and July 15, 2009 (based on Settling Defendants' own records and discovery in the Litigation), and other

relevant data to determine whether each Claimant is a bona-fide Plaintiff and thus an Authorized Claimant.

8.5    The Parties agree that the Claims Administrator shall have the ability to file proof of claims for the entire Classes, and Class Counsel, and anyone else covered by payments made in connection with the Confession of Judgment entered on July 15, 2009 regarding any subsequent bankruptcy or similar types of proceedings where claims need to be filed.  The Parties agree that giving this power to the Claims Administrator will eliminate the need to file claims by each individual or to seek further approval of the Court with jurisdiction.

## IX.   NOTICE

9.1    Upon preliminary approval by the District Court, Notice will be provided to the Plaintiffs by mail and publication.  The Claims Administrator will provide Notice as follows.

a.    <u>Mailed Notice</u>.  The Claims Administrator will issue individual notice to the Plaintiffs via First-Class United States mail using the most current mailing address information available from the records of Settling Defendants and Plaintiffs.  Settling Defendants will cooperate with Class Counsel and the Claims Administrator in providing information from Settling Defendants' records for purposes of mailing the notice.  The Mailed Notice will include the Notice (in English and Spanish) and Claim Form (in English and Spanish), attached hereto as Exhibits 2-3.

b.  <u>Publication Notice</u>.  The Claims Administrator will issue notice by publication through the following means: La Prensa (Spanish newspaper in Minnesota), La Invasora (Spanish radio station in Minnesota with national syndication), Uracan (Spanish radio station in Minnesota), and Univision – Minneapolis/St. Paul (Spanish TV station in Minnesota).  The selected means of publication will be targeted at Spanish speaking audiences in order to provide adequate notice to Plaintiffs about the Proposed Settlement, the claims process, the Final Fairness Hearing, and the rights and the waiver of rights concerning the Classes.  The Publication Notice (in English and Spanish) is hereto attached as Exhibit 5.  Invoices from the above-identified media outlets for publication of the notice will be sent to Settling Defendants for payment; all such payments made concerning the invoices will be subtracted from the $250,000 described in 8.3.

c.  <u>Additional Information</u>.  The Claims Administrator will provide Plaintiffs with this Proposed Settlement in English and in Spanish upon request.

## X.  CLAIMS PROCEDURE

10.1  Plaintiffs must return a completed, valid Claim Form – prepared under penalty of perjury – to the Claims Administrator that is received by the Claims Administrator **no later than ninety (90) calendar days** after the initial mailing of the Notices described in Paragraph 9.1.

10.2  Regardless of whether Opt-out Plaintiffs return a completed, valid Claim Form to the Claims Administrator, the Opt-out Plaintiffs are bound by this Proposed

Settlement, and their claims shall be released as described in Paragraph 12.1. If Plaintiffs of the Opt-Out Classes properly exclude themselves by mail and this exclusion is received by the Claims Administrator **no later than ninety (90) calendar days** after the initial mailing of the Notices described in Paragraph 9.1, the Opt-out Plaintiffs will be excluded from the Proposed Settlement and its releases.

10.3    The Claims Administrator shall review all timely submitted Claim Forms to determine which Claimants are Authorized Claimants. Authorized Claimants are Eligible Plaintiffs from the Classes, as defined in Section VII, who have worked for Settling Defendants based on Settling Defendants' own records and the information obtained in the Litigation.   The Parties agree to furnish any documents the Claims Administrator requests for identification purposes of Plaintiffs, including without limitation a text-readable list of the full names and best known address of all employees that have worked for Settling Defendants at any time between February 4, 2004 and July 15, 2009; and a text-readable list of all projects Settling Defendants have worked at any time between February 4, 2004 and July 15, 2009.

10.4    If the Claims Administrator determines a Claimant is not an Authorized Claimant, the Claims Administrator will provide the Claimant with a written notice that the claim was denied, the reasons why the claim was denied, and the appeal procedures. The Claimant may appeal the determination by submitting in writing any supporting documents or other evidence.  The Claimant must submit the appeal such that the Claims Administrator receives it within fifteen (15) calendar days from the date the notification

of the claim denial was mailed.  The Claims Administrator will review the submissions and make an appeal determination.

## XI.   CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

11.1   The Named Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports their claims.  However, the Named Plaintiffs and Class Counsel acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through trial and appeals.  The Named Plaintiffs and Class Counsel have taken into account the risk of litigation, especially given Settling Defendants' assertion of their dire financial problems and imminent threat of bankruptcy.   Settling Defendants have also represented that, due to financial circumstances, Defendant Mulcahy, Inc. may be going out of business.  Based on the financial documents and information produced, the Named Plaintiffs and Class Counsel have adequately performed their due diligence by reviewing Settling Defendants' financial information in conjunction with Plaintiffs' Financial Experts and Bankruptcy Counsel.  The Named Plaintiffs and Class Counsel believe that the Proposed Settlement confers substantial benefits upon the Named Plaintiffs and the Classes and that it is fair, reasonable, adequate, and in the best interests of the Named Plaintiffs and the Classes.

## XII.   WAIVER, RELEASE, AND DISMISSAL

12.1   <u>Release of Claims Affecting All Opt-Out Plaintiffs</u>.  All Plaintiffs who have not validly requested exclusion will be bound by the terms of this Proposed Settlement with regard to their Title VII, Section 1981, MHRA, and MFLSA claims.  Thus, those

15

Plaintiffs will have released Settling Defendants from the "Opt-out Class Released Claims," as defined herein, and will be permanently barred from suing or otherwise making an Opt-out Released Claim against any of Settling Defendants.

The **"Opt-out Class Released Claims"** include any and all claims, rights, demands, charges, complaints, causes of action, obligations or liabilities of any and every kind that were or could have been asserted in the Litigation arising out of the alleged facts, circumstances, and occurrences at any time between February 4, 2004 and July 15, 2009 underlying the allegations as set forth in Amended Complaint, and the releasing Plaintiffs further covenant not to sue Settling Defendants for any and all such released claims.

12.2    Release of Claims Affecting Plaintiffs Who Have Filed A Plaintiff Consent Form Or Who Return A Consent/Claim Form Indicating Intent To Opt In To The FLSA Portion Of This Litigation.   In addition to releasing Settling Defendants from the Opt-out Claims, as outlined above in Paragraph 12.1, Plaintiffs who have filed or who have timely returned a valid Claim Form indicating intent to opt in to the FLSA portion of this Litigation, will release Settling Defendants from the "FLSA Opt-In Class Released Claims" as defined herein.

The **"FLSA Opt-in Class Released Claims"** include any and all claims, demands, rights, liabilities, and causes of action known or unknown, for violation the federal wage-and-hour laws in connection with his or her employment with Settling Defendants at any time between February 4, 4009 and July 15, 2009.

12.3   General Release by the Named Plaintiffs and Settling Defendants.   In consideration of the terms and conditions of this Stipulated Settlement, the Named Plaintiffs and Settling Defendants understand and agree that, as to them, in addition to the releases described above, they are fully, finally, and generally releasing any and all claims arising out of, or in connection with, the Named Plaintiffs' employment with Settling Defendants or the termination of that employment at any time between February 4, 2004 and July 15, 2009.

12.4   All Named Plaintiffs and Settling Defendants represent and warrant that they have not sold, assigned, or transferred any claims released above.   Class Counsel and Settling Defendants' Counsel fully effectuate the above releases by signing this Proposed Settlement and obtaining final approval by the District Court.

## XIII.   STATEMENT OF NO ADMISSION

13.1   The Proposed Settlement does not constitute an admission by Settling Defendants as to the merits, validity, or accuracy of the allegations or claims made against it in the Litigation.

13.2   The Honorable Donovan W. Frank or the appointed Magistrate Judge shall retain jurisdiction over the above-captioned matter for the purpose of resolving any disputes that may arise concerning compliance with this Proposed Settlement.

13.3   All claim forms filed or other evidence produced or created by the Parties in connection with the claims-resolution procedure do not constitute, and will not be deemed to constitute, an admission by the Parties of any violation of any federal, state, or local law, statute, ordinance, regulation, rule, obligation, or duty at law or in equity.

## EQUITABLE TERMS

### XIV.   EQUITABLE TERMS

14.1    The Parties agree that Settling Defendants will comply with the following equitable terms contained in this Section of the Proposed Settlement.

14.2    Settling Defendants will establish a Diversity Officer position:

a.    <u>Identification of Diversity Officer</u>.   Settling Defendants will identify a Diversity Officer, subject to Class Counsel approval, that will be in charge of reviewing and investigating formal and informal complaints by employees, including without limitation discrimination and wage-and-hour noncompliance.

b.    <u>Communications</u>.   Settling Defendants will communicate the existence, functions, and identity of the Diversity Officer to all employees of Settling Defendants no later than sixty (60) calendar days after the Court's final approval of the Proposed Settlement.

c.    <u>Responsibilities of the Diversity Officer</u>.   The Diversity Officer's position shall have a written job description which specifies the following responsibilities: (a) make recommendations on diversity practices of Settling Defendants related to the allegations raised in the Amended Complaint; (b) oversee resolution of formal and informal complaints regarding alleged discrimination, harassment, or retaliation; and (c) oversee resolution of formal and informal complaints regarding alleged pay, timesheet, and record-keeping violations.

14.3    Anti-Discrimination and Anti-Retaliation Policies and Practices. Within sixty (60) calendar days from the date the Court gives final approval of the Proposed Settlement, Settlement Defendants will:

a.    Subject to Class Counsel approval, adopt and implement an updated formal written policy that Mulcahy, Inc. employees will not discriminate on the basis of race, national origin or other protected status.

b.    Subject to Class Counsel approval, adopt and implement an updated formal written policy that Mulcahy, Inc. will not retaliate against employees who complain about discrimination, retaliation, or other potentially unlawful practices.

c.    Implement written practices, and procedures for processing and investigating complaints of discrimination on the basis of race, national origin or other protected status, and for addressing claims of retaliation.

d.    At a minimum, Mulcahy, Inc.'s policy(ies) will include the following information: (1) A description of the manner in which an individual, or his or her designee, can make a complaint; (2) Contact information for the Diversity Officer; (3) A statement that all complaints will be reviewed and considered promptly, and that disciplinary and/or remedial action will be taken if warranted. Within ten (10) calendar days from the date upon which Mulcahy, Inc. finalizes the policies and procedures described in this paragraph, Settling Defendants shall submit copies to Class Counsel. Within twenty (20) calendar days from the date upon which Mulcahy, Inc.

implements the policies and procedures described in this paragraph, Mulcahy, Inc. shall post copies of the policies at its corporate office and at each job site. In addition, these polices will be incorporated into Mulcahy, Inc.'s employee handbook and distributed to all employees.

14.4 <u>Wage and Hour Policies and Practices</u>. Within sixty (60) calendar days from the date the Court gives final approval of the Proposed Settlement, Settling Defendants will:

    a.    Subject to Class Counsel approval, adopt and implement an updated formal written policy that Mulcahy, Inc. complies with all applicable state and federal wage and hour laws.

    b.    Subject to Class Counsel approval, adopt and implement an updated formal written policy that Mulcahy, Inc. will not retaliate against employees who complain about Mulcahy, Inc.'s wage and hour practices.

    c.    Implement written practices, and procedures for processing and investigating complaints regarding wage and hour practices, and for addressing claims of retaliation.

14.5 <u>Trainings to Settling Defendants' Supervisory, Office, and Payroll Personnel</u>. Settling Defendants will provide to all supervisory and office personnel mandatory training within ninety (90) calendar days after the Court's final approval of the Proposed Settlement. Settling Defendants will also provide mandatory follow-up training annually to its supervisory and office personnel. These trainings, which may be performed in counterparts, will focus on the following topics:

a.      Diversity;

b.      Anti-discrimination, anti-harassment, and anti-retaliation policies and practices;

c.      Wage-and-hour compliance;

d.      Complaint procedures; and

e.      Time-verification procedures and policies.

14.6    Annual Trainings to all construction employees.  Settling Defendants will provide to all construction employees mandatory training within ninety (90) calendar days after the Court's final approval of the Proposed Settlement.  Settling Defendants will also provide mandatory follow-up training annually to its construction employees. During the Equitable Term Period, Settling Defendants shall maintain records of (i) all employees attending the trainings, (ii) all materials used in such trainings and any modifications thereto, and (iii) all evaluation forms completed by attendees.  These trainings, which may be performed in counterparts, will focus on the following topics:

a.      Diversity;

b.      Anti-discrimination, anti-harassment, and anti-retaliation policies and practices;

c.      Wage-and-hour compliance;

d.      Complaint procedures; and

e.      Time-verification procedures and policies.

14.7    <u>Spanish Materials</u>.    Settling Defendants will publish and distribute the following documents in Spanish to all employees no later than ninety (90) calendar days after the Court's final approval of the Proposed Settlement:

a.    Employee handbook;

b.    Anti-discrimination policy;

c.    Anti-retaliation policy;

d.    Complaint policy and procedures;

e,    Expense-reimbursement policy and procedures;

f.    Bonus/incentive-pay policy and procedures; and

g.    Time-verification policy and procedures.

14.8    Settling Defendants agree not to re-hire the employees who the Named Plaintiffs allege served in a supervisory capacity or otherwise were agents of Settling Defendants with respect to the violations of law alleged in the Litigation; these individuals will be specifically identified by Class Counsel in a confidential list to Settling Defendants.

14.9    Settling Defendants must comply with all Paragraphs in this Section XIV ("Equitable Terms") so long as Defendant Mulcahy, Inc. is still in business.

## <u>MONETARY RELIEF TERMS</u>

### XV.   SETTLEMENT AMOUNT

15.1    For the one-hundred-and-twenty (120) day period starting on July 15, 2009 (November 12, 2009) ("Relevant Time Period"), Settling Defendants agree as follows:

a.   There shall be no asset transfers during the Relevant Time Period by any Settling Defendant to any insiders or any other types of transfers outside of the ordinary course of business.

"Insiders" as to Defendant Gary T. Mulcahy, Sr. is any person or entity as defined by the Bankruptcy Code, Chapter 11 of the United States Code, section 101(31), including without limitation the following: (1) any relative of Defendant Gary T. Mulcahy, Sr.; (2) any partnership in which Defendant Gary T. Mulcahy, Sr. is a general partner at any time since February 4, 2004; or (3) any corporation of which Defendant Gary T. Mulcahy, Sr. is a director, officer, or person in control at any time since February 4, 2004.

"Insiders" as to Defendant Mulcahy, Inc. any person or entity as defined by the Bankruptcy Code, Chapter 11 of the United States Code, section 101(31), including without limitation the following: (1) any director, officer, or person in control of Defendant Mulcahy, Inc. at any time since February 4, 2004; (2) any partnership in which the Defendant Mulcahy, Inc. is a general partner at any time since February 4, 2004; (3) any general partner of Defendant Mulcahy, Inc. at any time since February 4, 2004; or (4) a relative of a general partner, director, officer, or person in control of Defendant Mulcahy, Inc. at any time since February 4, 2004.

b.   As to any asset transfers made outside of the ordinary course of business in the Relevant Time Period, these transfers shall be disclosed by Settling

23

Defendants to Class Counsel and will be subject to the consent of the Named Plaintiffs.

c.  If Settling Defendants make a transfer not allowed by Paragraph 15.1(a) or 15.1(b) of this Proposed Settlement ("Prohibited Transfer"), or in the event of execution of judgment against Settling Defendants, the Plaintiffs shall thereafter have the right without restriction to seek immediate execution of judgment.  The Parties agree that Plaintiffs will not be deemed to have waived this right by not proceeding with a collection action against Settling Defendants after a Prohibited Transfer has occurred.  Settling Defendants agree to pay the costs and attorney fees incurred in any collection efforts.

15.2   Following the Court's final approval of the Parties' Proposed Settlement, Settling Defendants shall make payments directly to the Claims Administrator as provided by the Liquidity Agreement.  Settling Defendants shall pay totaling up to $6,000,000 (or up to the incentive amount if the conditions of Paragraph 15.4 are met). Settling Defendants agree to pay an additional $250,000 above and beyond money to satisfy the Judgment to Class Counsel to cover costs.  Settling Defendants shall pay these amounts regardless of how many Plaintiffs return Claim Forms.  These payments shall be distributed to the Claims Administrator and Class Counsel after final court approval.

15.3   The Parties agree that, if certain payments are made by certain dates as explained subsequently, the Judgment of $6,000,000 shall be considered satisfied in full:

a.  If Settling Defendants shall make payments totaling $2,500,000 to the Claims Administrator on or before January 15, 2011.

24

b.  If Settling Defendants shall make payments totaling $3,500,000 to the Claims Administrator on or before January 15, 2012.

c.  If Settling Defendants shall make payments totaling $4,500,000 to the Claims Administrator on or before January 15, 2013.

d.  If Settling Defendants shall make payments totaling $5,500,000 to the Claims Administrator on or before January 15, 2014.

e.  After January 15, 2014, Settling Defendants shall make payments totaling $6,000,000 to the Claims Administrator.

f.  "Payment" as outlined above in (a) through (e) is defined as the actual receipt in hand by the Claims Administrator of cash paid to the Settlement Fund.

g.  In the case the incentive discounts are not applicable (pursuant to Paragraph 15.3), Plaintiffs may execute the Confession of Judgment for $6,000,000. If Settling Defendants fail to make the incentive payment, Plaintiffs may seek to collect the amount owed according to the incentive payment schedule. If Plaintiffs do not engage in collection efforts, the Parties agree that Plaintiffs have not waived their right to commence collection efforts against Settling Defendants.

15.4  The Parties agree that the discount incentive payments described in Paragraph 15.3 shall **not** be allowed in the following scenarios:

a.  In any liquidation proceeding, including a Chapter 7 bankruptcy.

b.  In any probate proceeding.

c.      If a Prohibited Transfer is made by Settling Defendants within the Relevant Time Period (from July 15, 2009 to November 12, 2009), as described in Paragraph 15.1.

In the event of a Chapter 11 bankruptcy proceeding involving any or all of Settling Defendants, the Named Plaintiffs and the Classes shall retain the full Judgment of $6,000,000, in each case, but if the Named Plaintiffs and the Classes receive the incentive discount payments in full in cash by the deadlines described herein, the debt shall be satisfied.  In other words, the understanding and agreement of the Parties is as follows: (1) the claim in the Chapter 11 case(s) shall be $6,000,000 and (2) the incentive discount amounts shall not reduce the claim in any way, but the claim will be satisfied if the incentive discount amounts are paid in full in cash and on time as provided herein.

15.5    Settling Defendants agree to pay any and all attorney's fees and litigation costs incurred in any and all collection efforts arising out of the Proposed Settlement.

## XVI.   PAYMENT OF SETTLEMENT AMOUNT

16.1    Settlement Fund.  After final approval of this Proposed Settlement, Settling Defendants shall make direct payments by wire transfer to the Claims Administrator each time a sale of assets takes place totaling $6,000,000 or up to the incentive amount if the conditions of Section XV are met.  Settling Defendants shall make these payments directly to the Claims Administrator pursuant to the Liquidity Agreement.  The total and full payment of the $6,000,000 (or the incentive amount if the conditions of Paragraph 15.3 are met) is made in order to satisfy the claims of the Plaintiffs as well as for other purposes identified in this paragraph.  The monies so transferred shall constitute the

"Settlement Fund' and are payment for (1) damages recovered by Plaintiffs; and (2) attorney's fees and litigation costs for Plaintiffs.  Nothing herein shall release Settling Defendants from expending the resources required to fulfill its responsibilities under this Proposed Settlement.

16.2    Creation and Administration of Settlement Fund.

a.    The Settlement Fund shall be established as a Qualified Settlement Fund under Section 468B of the Internal Revenue Code and administered by the Claims Administrator under the Court's supervision.

b.    From the Settlement Fund and any income earned thereon, the Claims Administrator shall distribute payments to Authorized Plaintiffs and Class Counsel.  The Parties agree that, given the timeframes of payments to the Settlement Fund by Settling Defendants and in connection with the Liquidity Agreement, the Claims Administrator shall be free to distribute any monies from the Settlement Fund in a reasonable time.  Tax reserves and an appeal fund may be created out of the Settlement Fund and set aside before allocating the Settlement Fund among Authorized Claimants.

c.    The Parties agree that each of the Plaintiffs' payments shall be treated as 50% wage loss and 50% compensatory (emotional distress) and punitive damages; each Authorized Claimant shall receive an IRS Form 1099 and W-2 reflecting this payment.  The Claims Administrator shall be responsible for the preparation and issuance of all 1099 and W-2 Forms.

d.   The Parties agree that, to the extent there are payroll tax obligations arising from payments that are made as part of the Proposed Settlement, those payroll taxes are payable from, and included in, the settlement amount of $6,000,000 (or the incentive amount if the conditions of Paragraph 15.3 are met).

16.3   <u>Administrative Responsibilities of the Claims Administrator</u>.   In administering the Settlement Fund, the Claims Administrator shall be bound by the terms of the Court's order, as that order may in the future be supplemented or amended by the Court to administer and carry out the purposes of the Proposed Settlement, provided that no such supplementation or amendment shall alter the terms of the Proposed Settlement or any of its attachments.

16.4   <u>Claims Filing Procedures for Settlement of the Classes</u>.   In order to receive an award from the Settlement Fund, a Plaintiff must submit a Claim Form (attached hereto as Exh. 2) that is received by the Claims Administrator by a date to be established by the Court. Claim Forms received by the Claims Administrator after that date shall not be eligible, unless the Court determines that the reason for a late filing constitutes excusable neglect.   Claim Forms shall be processed and reviewed by the Claims Administrator. The Claims Administrator shall recommend monetary awards from the Settlement Fund to the Court under seal.

## XVII.   SETTLEMENT FUND ALLOCATION

17.1   The Settlement Fund shall be allocated as follows:

a.     <u>Distribution Formula</u>.  Pursuant to the Court-approved formula developed by the Claims Administrator with input from Class Counsel to ensure both fairness and efficiency, each Claimant will be awarded points after review and verification of the Claims Forms and related data.  Verification may include, among other steps, analyzing the relevant information in databases maintained by the Claims Administrator and Settling Defendants.  The point system shall be applied uniformly, will not be discretionary after approval, and may be amended only by Court order.  The total points awarded to Authorized Claimants will be aggregated, and each Authorized Claimant's proportionate share of the total points will be determined.  The Authorized Claimant will then be allocated a commensurate proportion of the monetary award.  The distribution structure applicable to the Authorized Claimants is subject to Court review and approval before disbursement of any settlement money.

In evaluating the proposed distribution formula, the Court may take into account several factors as applied to Authorized Claimants, including the following: (1) year(s) worked; (2) number of affidavits executed; (3) number of depositions attended; (4) number of document requests to which responses were provided; (5) number of interrogatories answered; (6) provision of other key evidence used in litigation or settlement negotiations; (7) number of settlement conference days attended; (8) retaliation verified by Court submissions; and (9) whether there is credible

evidence that the Authorized Claimants performed in a supervisory capacity for the Settling Defendants during the relevant time and/or engaged in activities adverse to the Classes and that are the basis for the lawsuit herein.

Authorized Claimants who, according to credible evidence, performed in a supervisory capacity for the Settling Defendants during the relevant time and/or who engaged in activities adverse to the Classes and that are the basis for the lawsuit herein will have their points profile multiplied by a factor of 1; Authorized Claimants for whom there is no credible evidence that they performed in a supervisory capacity for the Settling Defendants during the relevant time and/or who engaged in activities adverse to the Classes and that are the basis for the lawsuit herein will have their points profile multiplied by a factor of 100. The Claims Administrator will make all such determinations based on the record in the case.

b.   Plaintiffs' Counsel Attorney's fees. In recognition of the extensive risk and work involved in prosecuting this case, the factual and legal complexity of the litigation, and the results obtained, Plaintiffs' Counsel shall be awarded up to 33 1/3% of the Settlement Fund as payment of attorney's fees in connection with the prosecution and Settlement of the claims subject to Court approval. Said attorney's fees will be paid proportionally at the same time Plaintiffs receive payment under this Settlement Agreement. All fees to Plaintiffs' Counsel shall be paid from the Settlement Fund and no further

amounts of attorney's fees, whether for assisting claimants in preparing and filing claim forms or any other matter pertaining to the resolution of this Litigation, will be paid by Settling Defendants.  Settling Defendants will report as income to Class Counsel on an IRS Form 1099.

17.2    <u>Reallocation of Unclaimed Checks</u>.  Any Settlement Funds unclaimed for a period of ninety (90) calendar days after the mailing of the settlement checks shall be, subject to District Court approval, donated to two charitable organizations jointly chosen by the Parties that help the workers who are Latino and/or from immigrant communities of Mexico, Central America, and/or South America.  In the event that the appointed organization(s) cease to exist, Class Counsel will recommend new organization(s) to the Claims Administrator, subject to the District Court's approval.

17.3    <u>Tax Treatment</u>.

a.    <u>Qualified Tax Status and Tax Responsibilities</u>.  The Settlement Fund shall be established as a Qualified Settlement Fund within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended (the "Code") and any Treasury Regulations promulgated thereunder, and shall be administered by the Claims Administrator under the Court's supervision. The Parties shall cooperate to ensure such treatment and shall not take a position in any filing or before any tax authority inconsistent with such treatment.

b.    <u>Payment of All Federal, State, and Local Taxes by the Settlement Fund</u>. The Settlement Fund shall pay to the appropriate taxing authorities: (1) any

and all federal, state, and local taxes that may be imposed on the Settlement Fund; (2) any applicable federal, state and local income taxes and employer and employee FICA taxes under Subtitle C of the Internal Revenue Code, and federal and state unemployment taxes required to be paid and/or withheld pursuant to this Proposed Settlement, Court order, or any applicable law. The Claims Administrator shall arrange for the preparation and filing of all tax reports and tax returns required to be filed by the Settlement Fund and for the payment from the Settlement Fund of any taxes owed by the Settlement Fund and/or required to be withheld and/or deducted from distributions to Plaintiffs. The Claims Administrator shall also arrange for the issuance, preparation, and filing of any required IRS Form 1099s, W-2s, or other tax-related forms (including forms required by any state and local tax authorities) concerning payments made to Plaintiffs from the Settlement Fund.

c.   Indemnification by Plaintiffs. For purposes of this indemnification, each Plaintiff who receives a payment from the Settlement Fund shall be fully and ultimately responsible for payment of any and all federal, state or local taxes (excluding the employer's share of taxes unless explicitly shifted by Paragraph 16.2(d)) resulting from or attributable to the payment received by such Plaintiff. Each Plaintiff shall indemnify and hold Settling Defendants, Class Counsel, Settling Defendants' Counsel, and the Claims Administrator harmless for any tax liability, including penalties and

32

interest, related in any way to any acts or omissions on the part of a Plaintiff, and shall indemnify and hold Settling Defendants harmless for the costs (including, for example, attorney's fees) of any proceedings (including, for example, litigation), related to such tax liability. In all cases in which the tax liability is not attributable to any acts or omissions on the part of a Plaintiff, each Plaintiff shall indemnify and hold Settling Defendants, Class Counsel, Settling Defendants' Counsel, and the Claims Administrator harmless for such tax liability, but not penalties, interest, or the litigation costs of any proceedings related to such tax liability.

## ENFORCEMENT TERMS

### XVIII.   MONITORING PROCEDURE

18.1    <u>District Court's Jurisdiction Over Dispute Of All Equitable Terms</u>. The Parties agree that District Court Judge Donovan W. Frank, or an appointed Magistrate Judge, shall retain jurisdiction to resolve disputes regarding any of the Equitable Terms or compliance therewith. The Court will also have the power to resolve disputes concerning enforcement of the injunctive and monitoring provisions of the Proposed Settlement.

18.2    <u>Reports to Class Counsel</u>. Within sixty (60) calendar days of the Court's final approval of the Proposed Settlement and in a continuing quarterly basis (for the shorter of (1) three (3) years; or (2) until Defendant Mulcahy, Inc. ceases operations), Settling Defendants must provide to Class Counsel an affidavit from an officer of Mulcahy, Inc. disclosing the implementation of, and compliance with, the terms of the

Proposed Settlement, and the Parties shall make good faith efforts to resolve any potential issues before seeking further action. Any information obtained by Class Counsel during these meetings shall be treated as confidential and shall not be used for any purpose except for enforcement of this Proposed Settlement.

## XIX.   COMPLAINT PROCEDURE

19.1   <u>Procedural Requirements</u>. If a complaint is made to Settling Defendants about the nature of this Litigation, shall provide in writing to every Latino and/or immigrant employee who complaints verbally or in writing to Settlement Defendants' management (including managers, supervisors, or forepersons): (1) a copy of the complaint procedure, (2) Settling Defendants' relevant policies, and (3) a statement that the complaint will be investigated in a timely manner.

## XX.   ENFORCEMENT PROCEDURE

20.1   The Parties reserve all rights in connection with any enforcement proceedings, including, but not limited to, the right to propose remedies. The absence of enforcement provisions for the Equitable Term Period in this Proposed Settlement shall not limit the remedies sought by Class Counsel or the Claims Administrator or the remedies provided by District Court Judge Donovan W. Frank or the appointed Magistrate Judge. Moreover, nothing in this Proposed Settlement precludes Class Counsel from proposing a remedy to Settling Defendants in connection with discussions with the Diversity Officer or Ombudsperson prior to the institution of any enforcement proceeding.

20.2    Class Counsel or the Claims Administrator, on behalf of the Classes, may pursue enforcement of the Proposed Settlement only after (1) meeting and conferring in good faith with Settling Defendants; and (2) providing written notice and an opportunity to cure.

20.3    All proceedings, if any, shall be conducted before District Court Judge Donovan W. Frank or the appointed Magistrate Judge.

a.    The Parties agree, subject to Court approval, that proceedings may be conducted by telephone to minimize the burden on the Parties and the Court.

b.    The Parties agree to an appeal waiver on any findings, reports, and recommendations made by the Court concerning any dispute concerning non-compliance with the Proposed Settlement because the Parties value finality and wish to minimize the cost and uncertainty of further proceedings.    The waiver is intentional, having being fully discussed and understood by each of the Parties prior to execution of this Proposed Settlement.

## **OTHER TERMS**

### **XXI.   PRELIMINARY DISTRICT COURT APPROVAL**

21.1    The Parties shall submit this Proposed Settlement and its exhibits to the District Court as soon as practicable and shall take all appropriate steps to obtain an order, substantially in the form attached hereto as Exh. 6: (a) preliminarily approving the Proposed Settlement; (b) approving Notice to the Opt-out Classes and the FLSA Opt-in

Class; (c) appointing a Claims Administrator; and (d) setting a final hearing on the Proposed Settlement within three (3) months of the Court's preliminary approval of the Proposed Settlement.

## XXII.   APPROVAL OF THE PROPOSED SETTLEMENT

22.1   Upon expiration of the claims filing period, the Parties shall present the Proposed Settlement to the District Court for final approval as soon as practicable.  Upon final approval of the Proposed Settlement by the District Court, settlement payments shall be made as set forth herein.

## XXIII.   COURT APPROVAL

23.1   The Parties agree to take all steps necessary to secure prompt approval of the Proposed Settlement by the District Court and, if necessary, the Appellate Court(s). The Parties further agree that they will not take any action adverse to each other in obtaining approval of the Proposed Settlement.

## XXIV.   DISCLOSURE

24.1   Confidentiality of Confession of Judgment.  The Parties agree that for a period of one hundred and twenty (120) calendar days after July 15, 2009 (November 12, 2009), the Confession of Judgment described in this Proposed Settlement will remain confidential.  At the expiration of the one hundred and twenty (120) calendar days (November 12, 2009) and through the execution of the Confession of Judgment with court approval, the Confession of Judgment will then become public.

24.2   Publication of Settlement by Parties. The Named Plaintiffs, Plaintiffs' Counsel, Settling Defendants, and Settling Defendants' Counsel agree that they will take

no action, directly or indirectly, to publicize the settlement of the Litigation, with the exception of the issuance of a single-occurrence press release crafted jointly by the Parties.

24.3    The Parties agree that the Parties may file with the Court the Proposed Settlement and its exhibits and all other documents necessary to effectuate the settlement of the Litigation and that Plaintiffs' Counsel may (1) issue the Notices and Claim Forms to members of the Classes; (2) Provide to the Claims Administrator all information necessary to fulfill its duties, and (3) Respond to inquiries from Plaintiffs.

24.5    The Parties agree that all documents to support final approval of this Proposed Settlement shall be submitted to the Court under seal and not via ECF.

## XXV.    MISCELLANEOUS PROVISIONS

25.1    Choice of Law.  This Proposed Settlement shall be interpreted and enforced under the laws of the State of Minnesota without regard to its conflicts of laws provisions.  Any claim arising out of or relating to the Proposed Settlement, or the subject matter hereof, will be resolved solely and exclusively by the United States District Court for the District of Minnesota, and the parties hereby consent to the personal jurisdiction of the District Court over them solely in connection therewith.

25.2    Ambiguities and Draft of the Proposed Settlement.  The Parties to this Proposed Settlement participated jointly in its negotiation and preparation.  Accordingly, it is agreed that no rule of construction will apply against any Party or in favor of any Party, and any uncertainty or ambiguity will not be interpreted against one Party and in favor of the other.

25.3   <u>Complete Agreement</u>.   The terms and conditions of this Proposed Settlement constitute the exclusive and final understanding and expression of all agreements between the Parties with respect to the resolution of the Litigation.   The Named Plaintiffs, on their own behalf and on behalf of the Classes they represent, and Settling Defendants accept entry of this Proposed Settlement based solely on its terms, and not in reliance upon any representations or promises other than those contained in this Proposed Settlement.   This Proposed Settlement may be modified only by writing and signed by the original signatories and approved by the District Court.

25.4   <u>Paragraph Headings</u>.   Paragraph headings are for convenience of reference only and are not intended to create substantive rights or obligations.

25.5   <u>Execution in Counterparts</u>.   This Proposed Settlement may be executed in one or more actual or telecopied counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

25.6   <u>English Language of the Proposed Settlement is Controlling</u>.   The Parties agree that a Spanish copy of this Proposed Settlement, which the Parties believe to be accurate and complete translation into the Spanish language, will be attached to this Proposed Settlement.   However, the English version of the Proposed Settlement, written in the English language, shall be the controlling document which all the signing parties shall be deemed to have understood and accepted knowingly and voluntarily.

25.7   <u>Modifications of the Stipulation</u>.   The Stipulation shall only be modified if done in writing through a document executed by all Parties or their successors in interest.

**\*REMAINDER OF THIS PAGE LEFT BLANK INTENTIONALLY\***

**IT IS HEREBY AGREED AND STIPULATED:**

Dated:  December 15, 2009          **MILLER O'BRIEN CUMMINS, PLLP**

M. William O'Brien (# 130229)

Justin D. Cummins (# 276248)

Brendan D. Cummins (# 276236)

Francis P. Rojas (# 388884)

One Financial Plaza
120 South Sixth Street, Suite 2400
Minneapolis, MN  55402
612-333-5831
bobrien@m-o-c-law.com
jcummins@m-o-c-law.com
bcummins@m-o-c-law.com
frojas@m-o-c-law.com

**ATTORNEYS FOR PLAINTIFF CLASS**

Dated:  December 17, 2009          **FREDRICKSON & BYRON, P.A.**

Richard A. Ross, # 181791

Lindsay J. Zamzow, # 314705

Krista A. Hatcher, # 387825

200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
612-492-7000
rross@fredlaw.com
lzamzow@fredlaw.com
KHatcher@fredlaw.com

**ATTORNEYS FOR DEFENDANTS**