UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Doe I, John Doe II, John Doe III,                   Civil No. 08-306 (DWF/SRN)
Jane Doe I, John Doe IV, John Doe V,
John Doe VI, John Doe VII, John Doe VIII,
John Doe IX, John Doe X, John Doe XI,
Jane Doe II, and John Doe XII,

        Plaintiffs,

v.                                                                                    **ORDER**

Mulcahy, Inc., and Gary T. Mulcahy, Sr.
in his official and personal capacities,

        Defendants.

---

Brendan D. Cummins, Esq., Francis P. Rojas, Esq., Justin D. Cummins, Esq., and M. William O'Brien, Esq., Miller O'Brien Cummins, PLLP, counsel for Plaintiffs.

Krista A. P. Hatcher, Esq., Lindsay J. Zamzow, Esq., and Richard A. Ross, Esq., Fredrikson & Byron, PA; and Michael F. McGrath, Esq., Ravich Meyer Kirkman McGrath Nauman & Tansey, P.A., counsel for Defendants.

---

The above matter came before the undersigned upon Plaintiff Class Representative's Unopposed Motion for Final Approval of Settlement, Entry of Final Judgment, and Approval of Fees and Costs (Doc. No. [162]) and approval of the Settlement Agreement and related collateral documents attached to the Affidavit of Michael F. McGrath ("Settlement Agreement") (Doc. No. [171]).  M. William O'Brien, Esq., Justin D. Cummins, Esq. and Francis P. Rojas, Esq. appeared on behalf of Plaintiffs.

Lindsay J. Zamzow, Esq. and Michael F. McGrath, Esq. appeared on behalf of Defendants.

The Court, upon all of the files, records, and proceedings herein, and for the reasons set forth on the record, now makes and enters the following Order:

1. The proposed Settlement has the Court's final approval;

2. The final judgment is docketed and entered;

3. Class Counsel fees and costs are approved;

4. The Court finds that implementing the creditors' Settlement Agreement is critical to preserving and protecting the interests of the Class, that failure to implement the Settlement Agreement would result in detriment to the interests of the Class. Therefore, the Court directs that the creditors' Settlement Agreement is hereby incorporated into the Class Stipulation of Settlement, deemed executed and hereby approved, subject still, however, to the proviso contained in paragraph 7 of the Settlement Agreement that the "Settlement Agreement does not supersede or amend the Stipulation of Settlement which shall control in the event of any inconsistency between the Settlement Agreement and the Stipulation of Settlement."; and

5. To the extent that the parties conclude that documents collateral to the creditors' Settlement Agreement require signature, Class Counsel, Miller O'Brien Cummins, PLLP, is hereby authorized to execute, on behalf of the Plaintiff Class, such collateral documents, and including the Creditor Agent Agreement and Note Purchase Agreement, all as defined in the Settlement Agreement, and to sign such other documents

and take such other actions as necessary to close and perform under the Settlement

Agreement.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  May 21, 2010          <u>s/Donovan W. Frank</u>
                              DONOVAN W. FRANK
                              United States District Judge